Haywood, Justice
A writ of false judgment, is a writ of right, and we cannot deny it. it is like a writ of error which the party may bring without leave of the court.
Stone. Justice — The writ of false judgment and the writ of reeordari, are not the same. When a reeordari is moved for, 1 think we have power to refuse it. — Sic ad-journatur.
Note. --The case of Brickell v. Byrd’s administrator's wh’cli was a suit before a Justice of the Peace, who had given judgment, removed into the Superior Court of Halifax, by writ of mwv/aro, was brought on and argued in April term, 1797’, but not decided, owing to a difference in opinion between Judge Wiuums and Judge Macay. Whyte, for the Defendant, moved for in is'-ue to be made up, and the cause to be tried by a jur\. E contra, it «’as argued, that the different inodes of bringing up pro; eedings from inf. rim courts not of record, are pone, recarclari, false judgment, and accedas ad curiom. 3 Bl. Com. 34, 37, 149. The two latter Wrung the'su.r.< in their o eject n> r- vi ' the matter in law Fitz. Nat. Br 38, A & D. The two formi ralso to try the matt, r of fact. Fitz. Nat Br. 160. 162 Both issue to courts not of record — their diffeience re ults from the different modes of commencing by writ — the reeordari loguelam, being appropriated to the removal of proceedings commencing without writ. In cither cas» ihe Superior Court proceeds on the plaint, .ml mi the pone or reeordari_ Fitz. Nat. Br. 160. Note a. and ei ner Plaintiff or Defendant may Term.vi die n’oceedlngs by these writs for. ,.-'derust ; but then these writs always issue before judgment. A reeordari will noi lie after judgment, for the purpose of a new trial. And as the writ in the pre *542 sent case was issued after judgment, there can be no trial ofthe facts' upon it. Ü contra — Writs of false judgment and of error, are for the ends, to revise erroneous judgments — the first lying to a court, no, ()f record, the other lying toa court of record. So also the writs of recordari and of certiorari, are for the same end, to have a trial de novo —the io'oru-r Iving to courts not ot record, fhelatter to courts of record' only. Fitz. Nat Br. 164. 1 Bac. Ab. 559. Then the doctrine of our coiirts respecting certiorari, ail apply to recbrdaris — the object of each is rendered a little different here from what it is in England ; there the certiorari is used almost always for taking up proceedings before jud-'.nuoit, here, most commonly after — why not also apply the recor-dari to the purposes of new trials ..tier judgment, as well as the cer-tiorari ? If it be said the writ of recordari and false judgment, are the same, then there are some writs'to bring up proceedings for error in law, none to rectify errors in fact ; there will be no means of getting redress in cases of improper .decisions before Justices of the Peace, even in such cases, where the Justice is a party, the statute of gaming is pleaded, or the like, which Justices ought not to try or where the party is unable to get sureties for an appeal ; and besides all this, this is an attempt to overturn a proceeding, which has been constantly used for six or seven years, now last past. Judge Williams said, there might be a new trial after the proceedings were removed by a recordari, if justice required it. .Judge MacaE, there cannot. — Sii ddjournatur.
Note. — The writ of pone, is to remove a plaint commenced by writ in the County Court, which is a court not of record, into the Superior court, when it is apprehended a fair trial will not be had in the court below ; and when it is removed by the Defendant, the cause is putin the Writ. When the. plaint is in the County Court without writ, and: is to be removed, a recordari, properly so termed, issues, commanding the Sheriff to record the plaint, and return ithere also,.the Defendant must assign cause. If the plaint be not in tile Sheriff’s court, but in some other inferior court not of record, then the accedas ad curiam issues, commanding the Sheriff, that he go to the court and cause the plaint to be recorded and returned. All these writs, when issued before judgment, are for the same purpose — to have a fair' trial in the Superior Court; but they have different names, for reasons peculiar to each. Where the plaint commences, by writ, and is already in’ writing, the Sheriff has nothing to do but to bring (or put) it into the' court above ; and therefore he is not commanded to record. When the plaint is not by Writ, but is already in a court where he presides, he need not go to another court to record it; and therefore, he is commanded simply to record and return it. But when the plaint is without writ, and in another court, where he does not preside, then h.e must go the. court -and record it. Each writ takes its denomination from the principal act or acts the Sheriff has to do, but the proceedings in all of them are exactly the same, when once removed before judgment — the parties proceed to a trial of the facts. If the complaint be of a false judgment' rendered in the court below, then a writ of false judgment issues, commanding the Sheriff to go to the court below and record the plaint, Sc, if in a court where he did not preside ; or simply, to record the plaint, if in a court where he does preside ; so that in fact, the recordari and accedas ad curiam, is' iht first process in the writ of false judgment. The recordari is not the commencement of any specific suit,- but is a process common to several cases, like a capias in other suits, and is used indifferently for the pur *543 pose of bringing up proceedings, either before or after judgment, and either for the purpnsé of h .vimr a trial on the facts, or for examining whether there iserrorintlié judgment in order to its removal. Tneeniy use of the recordari (eitherthat properly so termed, or of the accedas ad curiam recordari) is to bring the proceedings into court, in the same manner as the only use of the certiorari is to bring the record into court and as the certiorari has been used by our courts for one more purpose than it was used in the English courts, owing to the peculiar situation and construction of our courts, namely, forthe purpose of obtaining a new trial in the court above ; and as there is the same reason and necessity for carrying the recordari one step further also, to prevent a defect of justice, it may be concluded that the recordari may be as well converted to that use as the certiorari. Why shall it be said we will extend the certiorari to other uses than it was formerly employed for, and not the recordari, when the reason and necessity for so extending it is equally urgent in the latter, as in the former case ? If the Justice refuse the party his appeal, or if the party is injured and cannot find sureties for his appeal, or if be offers sureties and they are rejected upon pretence of insufficiency, or if the Justice is a party concerned, or acts otherwise corruptly, oppressively or injuriously to the party, he can have no redress whatever, unless this writ is allowed to lie forthe purposes contended for by Byrd’s counsel.